**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Delanie Ross,<br><br>             Petitioner,<br><br>vs.<br><br>Charles L. Ryan. et al.,<br><br>             Respondents. | No. CV-14-01159-PHX-PGR (MHB)<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Burns in light of Petitioner's Objection(s) to Magistrate's Report and Recommendation (Doc. 31), the respondents' Response to Petitioner's Objections to Report and Recommendation (Doc. 32), and the petitioner's Reply to Response to Petitioner's Objections (Doc. 33), the Court finds that the petitioner's objections should be overruled as meritless because the Magistrate Judge correctly determined that the petitioner's habeas corpus petition, timely filed pursuant to 28 U.S.C. § 2254, should be denied in its entirety.

The petitioner was convicted after a jury trial of three counts of fraudulent schemes and artifices and one count of theft. In Ground One of his federal habeas petition, the petitioner argues that the state trial court lost jurisdiction over him as a

result of the allegedly improper process the state used to obtain a second indictment against him after his case was sent back to the grand jury. The Court agrees that this claim is not cognizable in a federal habeas proceeding as it involves the interpretation and application of state law. To the extent that the claim raises a federal constitutional due process issue, the Court further agrees that it is in any case without merit because the thorough decision of the Arizona Court of Appeals rejecting the claim, which was the state courts' last reasoned decision on this issue, was neither contrary to, or an unreasonable applied of, clearly established federal law as determined by the United States Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his Ground Two, the petitioner argues that he was convicted without sufficient proof because the jury was permitted to decide his case on an impermissible theory of guilt, *i.e.* that he was an accomplice, notwithstanding that they weren't given any jury instruction on accomplice liability. The Court agrees this claim is not cognizable in a federal habeas proceeding to the extent that the petitioner is arguing that he was not given a jury instruction that should have been given pursuant to state law. The Court further agrees that this claim is in any case meritless given that the Arizona Court of Appeal's comprehensive determination that there was substantial evidence establishing the petitioner's guilt on all claims for which he was convicted was not an unreasonable application of the clearly established federal law on the sufficiency of evidence as set forth by Jackson v. Virginia, 443 U.S. 307, 319 (1979)n or was it was it an unreasonable determination of the facts of the case.

In his Ground Three, the petitioner argues that the sentence imposed in his

judgment of conviction is illegal because it differed from the sentence orally pronounced by the trial court.  The Court agrees that this state law sentencing claim is also not cognizable in a federal habeas proceeding, and that to the extent it raises a federal constitutional claim it is in any case meritless because the Arizona Court of Appeals' extensive reasoning for denying the claim, wherein it noted that the trial court, after a hearing, had clarified the sentences it imposed on the petitioner, was not contrary to, or an unreasonable applied of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 30) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner has not made a substantial showing of the denial of a constitutional right and has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of October, 2015.

_____
Paul G. Rosenblatt
United States District Judge